1 NELSON L. COHEN, ESQ.
Nevada State Bar No. 7657
2 JARED G. CHRISTENSEN, ESQ.
Nevada State Bar No. 11538
3 BREMER WHYTE BROWN & O'MEARA LLP
1160 N. TOWN CENTER DRIVE
4 SUITE 250
LAS VEGAS, NV 89144
5 TELEPHONE:  (702) 258-6665
FACSIMILE:  (702) 258-6662
6 ncohen@bremerwhyte.com
jchristensen@bremerwhyte.com
7
Attorneys for Defendants,
8 WTAIWAN SHIN YEH ENTERPRISE CO., LTD., SHIN
CREST PTE, LTD. and WAL-MART STORES, INC.
9

**UNITED STATES DISTRICT COURT**
10
**DISTRICT OF NEVADA**
11

| | |
|---|---|
| 12 ANDREW CLAPPER and CYNTHIA JACQUELINE GUTIERREZ, individually and as Parents and Natural Guardians of DANIEL 13 SANTOYO and ISABELLA CLAPPER, minor children,<br><br>14<br>Plaintiffs,<br>15 vs.<br><br>16 WAL-MART STORES, INC., a Delaware corporation; TAIWAN SHIN YEH 17 ENTERPRISE CO., LTD., a foreign entity; SHIN CREST PTE, LTD., a foreign entity; DOES I-X; 18 and XI-XX, inclusive,<br><br>19 Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:14-cv-02183-RCJ-CWH |

20

21 **STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

22     Upon stipulation of the parties, it is hereby ORDERED that all documents and other materials

23 produced by Defendants voluntarily or by Order of the Court, have been and will be produced

24 under the following conditions.

25                                     I.

26     A.     The parties recognize that discovery in this matter may call for the production of

27 materials containing confidential and proprietary business, technical and other commercially

28

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV  89144
(702) 258-6665

H:\1287\425\CF\Federal Court Filings\Stipulated Protective Order.docx

1  sensitive information and that the producing party has a protected proprietary and property interest

2  in those materials.

3        B.    If Defendants have a good faith factual and legal basis for asserting a privilege or

4  exemption from public disclosure, Defendants may designated as "CONFIDENTIAL" the portion

5  of any produced material they consider subject to their claim of privilege or exemption in

6  accordance with Section I.E., below, and relying upon the terms of this order in producing said

7  information. Such "CONFIDENTIAL" designation shall make the designated portions of those

8  produced materials and all copies, prints, summaries, translations, or other reproductions of such

9  material subject to this Stipulated Protective Order. This Stipulated Protective Order shall also

10  apply to the specific pages and lines from oral depositions and discovery responses that are

11  designated as "CONFIDENTIAL" by the producing party in accordance with Section I.E., below.

12        C.    When used in this Stipulated Protective Order, the word "CONFIDENTIAL" means

13  designated commercially sensitive business information, and other confidential and/or proprietary

14  information of Defendants or their affiliates and parent companies.

15        D.    When used in this Stipulated Protective Order, the term "CONFIDENTIAL

16  MATERIAL" means all designated written materials, computer documents, claims histories, claims

17  files, adjustment data, videotapes, Answers to Interrogatories, Responses to Requests for

18  Production of Documents, deposition transcripts, documents produced by the producing party to

19  any governmental agency or body or any time deemed by a governmental agency to be confidential

20  under Federal or State law which discloses "CONFIDENTIAL" information. Nothing in the

21  Stipulated Protective Order, however, shall be interpreted to require the production of any trade

22  secret information as defined in Nevada Revised Statute 600A.010 et. seq. or otherwise.

23        E.    In order to designate a portion of any document or other printed material as

24  "CONFIDENTIAL," Defendants shall mark the designated pages of the material with the word

25  "CONFIDENTIAL" in a manner that does not cover, obscure, or impair the legibility of any

26  information contained within the material but which makes it difficult to remove the designation.

27  In order to designate a computer database, disc, compact disc, drive, or other electronically

28  recorded material as "CONFIDENTIAL," the producing party shall mark the case or envelope

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

2

H:\1287\425\CF\Federal Court Filings\Stipulated Protective Order.docx

1    containing the material with the word "CONFIDENTIAL." Documents printed from such

2    electronic media shall be marked the same as documents originally produced on paper.

3            F.        In the case of a deposition or oral examination, counsel for Defendants may, during

4    the deposition, designate on the record that testimony involving "CONFIDENTIAL MATERIAL"

5    be held "CONFIDENTIAL" and the entire deposition transcript will be treated as

6    "CONFIDENTIAL" until counsel for Defendants receives a transcript of the deposition and for 30

7    days thereafter. In the event that Defendants' counsel, during the deposition, does not designate on

8    the record that testimony involving "CONFIDENTIAL MATERIAL" be held as

9    "CONFIDENTIAL," Defendants do not waive their right to designate the deposition testimony as

10   "CONFIDENTIAL" upon receipt of the deposition transcript. After receipt of the deposition

11   transcript, the producing party shall identify by page and line the portion of the material that the

12   producing party intends to designate as "CONFIDENTIAL" in a written letter served to all counsel

13   of record within 30 days after receiving the written deposition transcript from the court reporter.

14   Only the portions of the deposition transcript designated by the producing party during this time

15   period shall remain "CONFIDENTIAL". The parties stipulate that the court reporter or

16   videographer for any such depositions will be given a copy of this Stipulated Protective Order, will

17   execute an acknowledgement thereof, and shall not disclose to anyone (other than the "COVERED

18   PERSONS" as defined in Section 1.F below) any deposition testimony or exhibits in this lawsuit.

19           G.        When used in this Stipulated Protective Order, the term "COVERED PERSONS"

20   includes only the following: (1) the Court and all Court personnel; (2) the named parties in this

21   litigation, (3) retained counsel for all of the parties in this litigation, including members of

22   counsel's legal or support staff (e.g. in-house investigators, secretaries, legal assistants, paralegals

23   and law clerks), to the extent reasonably necessary for such persons to render assistance in this

24   litigation; (4) experts retained or consulted by counsel for any party to assist in the preparation,

25   prosecution, or evaluation of this litigation; and (5) the Court, the Court's staff, witnesses, and the

26   jury in this case.

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV  89144
(702) 258-6665

3

H:\1287\425\CF\Federal Court Filings\Stipulated Protective Order.docx

1

II.

2      Absent a further Order of the Court, those documents marked as "CONFIDENTIAL

3  MATERIAL" as described in Sections I.C. and I.D. shall not be used for any purpose other than the

4  prosecution or defense of this captioned action, and shall not be shown, disseminated or disclosed

5  in any manner to anyone other than "COVERED PERSONS" as defined in Section I.G. without the

6  prior written agreement of the producing party or Order of the Court after due notice to the

7  producing party.

8

III.

9      Before showing or divulging any "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL

10  INFORMATION" to any "COVERED PERSON" other than the Court and Court personnel,

11  counsel shall first obtain from each person a signed "WRITTEN ASSURANCE" in the form

12  attached hereto as Exhibit "A". Counsel shall maintain a list of all recipients of "CONFIDENTIAL

13  MATERIAL" to whom this paragraph applies and the original of every "WRITTEN

14  ASSURANCE" required pursuant to this paragraph. At the conclusion of the litigation, the parties

15  shall forward to counsel for the producing party each and every signed "WRITTEN

16  ASSURANCE" and a list of all recipients of "CONFIDENTIAL MATERIALS"; however, with

17  regard to consultant(s) not identified as expert(s) in this matter, counsel need only produce a copy

18  of the "WRITTEN ASSURANCE" redacted to remove any reference to the identity of the

19  consultant(s).

20

IV.

21      A.      If any "CONFIDENTIAL MATERIAL" is filed with this Court, including any

22  pleading incorporating "CONFIDENTIAL MATERIAL," the portion of such filing containing

23  "CONFIDENTIAL MATERIAL" shall be filed in a sealed envelope on which the following legend

24  shall prominently appear:

25          ANDREW CLAPPER et al vs. WAL-MART STORES, INC., et al, Case No. 2:14-cv-
            02183-RCJ-CWH - This Envelope contains CONFIDENTIAL documents or other material
26          filed by Defendants. It shall not be opened nor the contents thereof displayed or revealed
            except by the Order of this Court.
27

28

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV  89144
(702) 258-6665

4

H:\1287\425\CF\Federal Court Filings\Stipulated Protective Order.docx

1    B.    "CONFIDENTIAL MATERIAL" may be introduced into evidence, if otherwise

2  admissible, provided that it may only be done so during a hearing or trial when counsel for

3  Defendants are present and maintain the right to seek in camera treatment of such documents or

4  materials. Further, the Court may take such steps as it deems reasonably necessary to preserve the

5  confidentiality of the documents or information.

6    C.    All writings submitted to or filed with the Court in connection with any pre-trial

7  proceeding that contains, set forth, summarizes, or otherwise discloses "CONFIDENTIAL

8  MATERIAL" shall be under seal and such documents shall not be publicly available, except by

9  further Order of this Court.

10    D.    If any party or person who has obtained "CONFIDENTIAL MATERIAL" under the

11  terms of this Stipulated Protective Order receives a subpoena or other legal process commanding

12  the production of any such "CONFIDENTIAL MATERIAL," such party or person shall promptly

13  notify counsel for Defendants of the service of the subpoena and shall promptly transmit a copy of

14  the subpoena to counsel for Defendants. Defendants will have ten days from the date of confirmed

15  receipt of the subpoena by their counsel to intervene to request that the subpoena be quashed. If a

16  motion to quash is filed, the party or person receiving the subpoena shall not produce any

17  "CONFIDENTIAL MATERIAL" in response to the subpoena without either the prior written

18  consent of counsel for Defendants or an order of a Court of competent jurisdiction.

19                                        V.

20    Certain parties could produce large volumes of materials in discovery in this matter, including

21  large collections of materials in the form of paper or electronic format repositories, increasing the

22  likelihood that information protected from discovery by certain privileges or immunities, or

23  "CONFIDENTIAL MATERIAL" not marked as such, may be produced inadvertently. Therefore,

24  the following provisions shall apply to the production of information in this case.

25    A.    Inadvertent production of documents subject to work product immunity, the

26  attorney-client privilege, the trade secret and proprietary business information privilege, or other

27  legal privilege, rule or doctrine protecting information from discovery shall not constitute a waiver

28  of the immunity or privilege either from the inadvertently produced document or its subject matter

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV  89144
(702) 258-6665

5

H:\1287\425\CF\Federal Court Filings\Stipulated Protective Order.docx

1    (so-called "subject matter waiver"). The producing party shall notify the receiving party in writing

2    of such inadvertent production promptly upon becoming aware of it.

3         B.      If reasonably prompt notification is made, such inadvertently produced documents

4    and all copies thereof, as well as all notes or other work product reflecting the contents of such

5    materials, shall be returned to the producing party or destroyed, and such returned material shall be

6    deleted from any litigation-support or database. No use shall be made of such documents during

7    discovery or trial nor shall they be disclosed to anyone who was not given access to them before

8    the request to return and/or destroy said documents.

9         C.      If any party contends that the notification of inadvertent production was not

10   "reasonably prompt", it shall notify the producing party in writing, and will make no further use of

11   such documentation pending a resolution of its status by the Court. It shall be the burden of the

12   producing party to move for a Protective Order regarding the inadvertent production, and to

13   demonstrate both that the production was inadvertent, that reasonable diligence was exercised to

14   identify the inadvertently produced information, and that notification was made with reasonable

15   promptness after discovery of the inadvertent production.

16        D.      The party returning or destroying such documents may move the Court for an Order

17   compelling production of the material, but such motion shall not assert the fact or circumstances of

18   the inadvertent production as a ground for entering such an Order.

19        E.      Inadvertent failure to designate produced materials as "CONFIDENTIAL

20   MATERIAL," pursuant to the terms of Section I above shall not constitute a waiver of the right to

21   designate such materials "CONFIDENTIAL," provided that the producing party shall notify the

22   receiving party of such inadvertent failure to designate promptly upon becoming aware of it.

23        F.      If reasonable notification is made of such failure to designate, such inadvertently

24   non-designated documents and all copies thereof, shall be returned to the producing party or

25   destroyed and such material shall be deleted from any litigation-support or database. No use shall

26   be made of such non-designated documents during discovery or at trial nor shall they be disclosed

27   to anyone who was not given access to them before the request to return or destroy.

28

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

6

H:\1287\425\CF\Federal Court Filings\Stipulated Protective Order.docx

1    G.    Any inadvertently produced document or documents provided to the Court pursuant

2  to Section V shall not be considered "court records" as defined in Nevada Revised Statutes Section

3  231.001 et. seq. and similar statutes.

4                                                    VI.

5    Within 90 days after the final disposition of this lawsuit, by settlement, trial or appeal, counsel

6  for the parties shall deliver to counsel for the producing party all "CONFIDENTIAL MATERIAL"

7  including any copies (except those determined by the Court or agreed by the parties not to be

8  "CONFIDENTIAL") which have been disseminated to any "COVERED PERSONS," except that

9  parties and their counsel may retain pleadings, memoranda, declarations, affidavits, non-

10 "CONFIDENTIAL" portions of deposition transcripts, notes, summaries, expert reports, trial and

11 hearing transcripts, or other attorney work product which refers to or describes "CONFIDENTIAL

12 MATERIAL." Deposition transcripts need not be returned if all "CONFIDENTIAL" portions have

13 been destroyed or obliterated.

14                                                   VII.

15    In the event that counsel for any party, in good faith, disputes the designation of any document

16 as "CONFIDENTIAL," he or she shall notify counsel for Defendants in writing within thirty days

17 of the receipt of "CONFIDENTIAL MATERIAL" specifying the material that is challenged.

18 Defendants would then bear the responsibility of seasonably applying to the Court for a

19 determination that the specified "CONFIDENTIAL MATERIAL" is protected pursuant to this

20 Stipulated Protective Order. Until a final determination by the Court, any disputed document shall

21 be treated as "CONFIDENTIAL MATERIAL" pursuant to this Stipulated Protective Order.

22 Nothing in the Stipulated Protective Order shall be construed to alter or shift the burdens of proof

23 and persuasion as they apply to the assertion of privileges or exemptions from public disclosure.

24                                                  VIII.

25    A.    This Stipulated Protective Order shall not preclude the parties from exercising any

26 rights or raising any objections otherwise available to them under the rules of discovery or

27 evidence. Nothing contained in this Stipulated Protective Order shall, in any manner, change, alter

28 or modify any of the rights of the producing party or any other party under any other Orders issued

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV  89144
(702) 258-6665

7

H:\1287\425\CF\Federal Court Filings\Stipulated Protective Order.docx

by any other courts concerning the protection of "CONFIDENTIAL MATERIALS" and "CONFIDENTIAL" information. Nothing in this Stipulated Protective Order shall limit the rights of the parties to apply for further Protective Orders or for modification of the terms of this Stipulated Protective Order.

B.      This Stipulated Protective Order may not be waived, modified, abandoned, or terminated, in whole or in part, except by an instrument in writing signed by the parties, or by Order of the issuing Court. If any provision of this Stipulated Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

C.      This Stipulated Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorney's successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations, over which they have control.

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV  89144
(702) 258-6665

8

H:\1287\425\CF\Federal Court Filings\Stipulated Protective Order.docx

IX.

At the conclusion of this lawsuit, the Court shall retain jurisdiction of this lawsuit for the enforcement of this Stipulated Protective Order.

This Protective Order is agreed to by and between the parties.

BREMER WHYTE BROWN & O'MEARA LLP

By: _____
    NELSON L. COHEN, ESQ.
    Nevada Bar No. 7657
    JARED G. CHRISTENSEN, ESQ.
    Nevada Bar No. 11538
    Attorneys for Defendants


By:   /s/ Martin A. Little_____
    MARTIN A. LITTLE, ESQ.
    Nevada Bar No. 7067
    Attorney for Plaintiffs

IT IS SO ORDERED.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge
Dated:  April 17, 2015

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV  89144
(702) 258-6665

9

H:\1287\425\CF\Federal Court Filings\Stipulated Protective Order.docx

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 16th day of April, 2015, **STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** was served on all parties or persons requesting notice via the United State District Court CM/ECF system.

_____
An Employee of Bremer Whyte Brown & O'Meara, LLP

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV  89144
(702) 258-6665

10

H:\1287\425\CF\Federal Court Filings\Stipulated Protective Order.docx